**BURT LAKE BAND OF OTTAWA AND CHIPPEWA INDIANS,**
Plaintiff,

v.

**Gale NORTON, et al., Defendants.**

**No. Civ.A. 01–703(RWR).**

United States District Court,
District of Columbia.

Aug. 26, 2002.

---

19. An Order consistent with the Court's ruling accompanies this Memorandum Opinion.

Daniel H. MacMeekin, Law Office of Dan H. MacMeekin, Washington, DC, Donald Juneau, Hammond, LA, for Plaintiff.

Caroline Meredith Blanco, United States Department of Justice, Environment and Natural Resources, Washington, DC, for Defendants.

Robert Y. Hirasuna, Leonard, Street & Deinard, Washington, DC, Steven C. Kahn, Miller, Canfield, Paddock & Stone, P.L.C., Washington, DC, for Movants.

### MEMORANDUM OPINION

ROBERTS, District Judge.

Plaintiff, Burt Lake Band of Ottawa and Chippewa Indians ("Burt Lake Band"), has filed suit seeking an injunction that would direct the Department of the Interior ("DOI") to place Burt Lake Band on DOI's list of recognized Indian tribes. Defendants have moved to dismiss plaintiff's complaint, arguing that this court lacks subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1) as to DOI and that plaintiff has failed to serve Secretary of the Interior Gale Norton and Assistant Secretary James McDivitt in accordance with the time limits of Fed.R.Civ.P. 4(m). Because plaintiff has failed to exhaust its administrative remedies with DOI, this Court lacks subject matter jurisdiction and defendants' motion to dismiss as to DOI will be granted. Because plaintiff has failed to file proof of service upon the Secretary and McDivitt, defendants' unopposed motion to dismiss as to the Secretary and McDivitt will be granted as well.

### BACKGROUND

Congress authorized DOI and its Bureau of Indian Affairs ("BIA") to regulate and manage all matters relating to Indian affairs under the direction of the Executive Branch. See 43 U.S.C. § 1457 (2000); 25 U.S.C. § 2 (2000). Pursuant to this delegation of authority to the DOI, BIA promulgated regulations establishing procedures for federal recognition of Indian groups as Indian tribes. See 25 C.F.R. § 83 (2001). These regulations enable any Indian group seeking acknowledgment by DOI to apply for federal recognition with the BIA, thereby qualifying for federal protection, services and benefits. See 25 C.F.R. § 83.2. After a tribe files a petition, the BIA reviews it and issues a final determination, which DOI then uses to decide whether a group should be placed on the list of federally recognized Indian tribes. See 25 C.F.R. § 83.10(d). Inclusion on DOI's list entitles tribes to the "immunities and privileges available to other federally acknowledged Indian tribes by virtue

of their government-to-government relationship with the United States as well as the responsibilities, powers, limitations, and obligations of such tribes." 25 C.F.R. § 83.2.

On November 2, 1998, Burt Lake Band petitioned the BIA pursuant to 25 C.F.R. § 83 to be included on DOI's list of federally recognized Indian tribes. Despite the fact that BIA had not yet taken any final agency action with respect to its petition, plaintiff filed suit in district court on March 30, 2001. Plaintiff asserts that it need not undergo BIA's recognition process because: 1) it was already recognized as a sovereign Indian tribe by the United States in both the Treaty of Washington in 1846 and the Treaty of Detroit in 1855; and 2) BIA has unreasonably delayed processing plaintiff's application.

## DISCUSSION

### I. DOI

Defendants have moved to dismiss the plaintiff's complaint as to DOI pursuant to Fed.R. of Civ.P. 12(b)(1), arguing that the Court lacks subject matter jurisdiction because plaintiff failed to exhaust available administrative remedies under 25 C.F.R. § 83. A dismissal under Fed.R. of Civ.P. 12(b)(1) is proper where a plaintiff fails to establish by a preponderance of the evidence that subject matter jurisdiction exists. *See Fitts v. Fed. Nat'l Mortgage Ass'n*, 44 F.Supp.2d 317, 320 (D.D.C.1999).

### A. ADMINISTRATIVE EXHAUSTION

■ In cases where Congress has allocated decision-making responsibility to the Executive branch, petitioning parties are required to exhaust all available administrative remedies before seeking judicial relief. *See James v. United States Dep't of Health and Human Servs.*, 824 F.2d 1132,

1137 (D.C.Cir.1987). Plaintiff maintains that it does not have to exhaust its administrative remedies because it was previously recognized by the United States in both the Treaty of Washington and the Treaty of Detroit. (Compl.¶ 23.)

The D.C. Circuit considered an argument very similar to the one advanced by Burt Lake Band in *James*. In *James*, plaintiff Gay Head Tribe sought federal acknowledgment without undergoing BIA's recognition process, arguing that they had already been recognized by the Executive Branch in a report prepared by the Presidential Commission in 1822. *James*, 824 F.2d at 1137. The *James* court affirmed the dismissal of plaintiff's complaint for failure to exhaust administrative remedies and held that "the determination of whether ... the Gay Heads were federally recognized in the middle of the nineteenth century, or whether other factors support federal recognition, should be made in the first instance by the Department of Interior...." *Id.* The court emphasized that the purpose of the regulatory scheme set up by DOI would be frustrated if the "Judicial Branch made initial determinations of whether groups have been recognized previously or whether conditions for recognition currently exist." *Id.*

The only significant difference between the plaintiff in *James* and plaintiff here is that the plaintiff in *James* claimed it was federally recognized through a report issued by the Executive Branch, while plaintiff here claims to have been recognized by the federal government in two treaties which it purportedly entered into with the United States. As *United Tribe of Shawnee Indians v. United States ("UTSI")*, 253 F.3d 543, 550 (10th Cir.2001) makes clear, however, that difference has no impact. In *UTSI*, the plaintiff argued that it was a present-day successor of the historic

Shawnee Tribe which was recognized as a tribal entity by Congress in an 1854 Treaty and that it, consequently, did not need to undergo BIA's administrative process for recognition. *Id.* at 546. The Tenth Circuit, applying *James*, rejected the plaintiff's argument, noting that it "assumes the very factual issue at the heart of this litigation" and held that plaintiff's "bare assertion that it is the present-day embodiment of the Shawnee Tribe ... [said] nothing about whether the UTSI ha[d] maintained its identity with the Shawnee Tribe ... and the 1854 Treaty ... without more [did] not speak to the [current] status of the UTSI." *Id.* at 548. The Tenth Circuit required plaintiff to complete the BIA recognition process before bringing suit in District Court. *Id.* at 551.

■ As *James* and *Shawnee* demonstrate, historical recognition by the Executive Branch does not allow a defendant to bypass BIA, even if the recognition occurred in a treaty. The fact that BIA's regulations include separate fast tracking provisions for groups claiming prior federal recognition makes all the more evident that federal recognition does not allow an entity to completely bypass the BIA's recognition process. *See* 25 C.F.R. §§ 83.7(b), (e)–(g), 83.20. Accordingly, neither the Treaty of Washington nor the Treaty of Detroit excuses plaintiff from exhausting its administrative remedies.

## B. BIA'S DELAY

Plaintiff claims it abandoned attempts to complete BIA's recognition process because the Secretary of the Interior has failed to look at plaintiff's petition for over five years. (Pl.'s Opp. to Defs.' Mot. to

Dismiss ¶ 11.) Plaintiff argues that the exhaustion doctrine contemplates an efficacious remedy and that when an agency fails to provide a timely decision, the APA provides for equitable relief in court. *Id.* at 36. Plaintiff, however, cites no authority to support the proposition that a party can forego administrative remedies simply because it believes the process is taking unreasonably long. It may be that BIA is not abiding by its own rules for the processing of claims. Relief can be sought against an agency not following its own rules. *See Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 180 F.Supp.2d 130, 134 (D.D.C.2001) (granting petition for writ of mandamus directing BIA to issue a final determination on petitioner's status within one year of court's order, because the BIA, under its own rules, had unreasonably delayed processing plaintiff's claims); *Muwekma Tribe v. Babbitt*, 133 F.Supp.2d 30, 33 (D.D.C.2000) (ordering BIA to issue a final determination of the plaintiff's status within one year after the issuance of the court's order because the BIA, under its own rules, had unreasonably delayed the processing of plaintiff's petition). A direct suit in federal court seeking federal recognition, however, is not appropriate relief. Accordingly, Burt Lake Band must exhaust its administrative remedies by completing the BIA's recognition process before seeking judicial review, and defendants' motion to dismiss as to DOI will be granted.

## II. *Individual Defendants*

■ Finally, defendants seek dismissal pursuant to Fed.R.Civ.P. 4(m) as to the Secretary and McDivitt because plaintiff failed to personally serve them within 120 days after the complaint was filed.[1]

---

1. Fed.R.Civ.P. 4(m) states that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the

filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prej-

(Defs.' Mot. to Dismiss ¶ 3.) Plaintiff has not opposed defendants' motion and has not filed with the Court proof of service upon either individual defendant. Accordingly, defendants' motion will be granted.

### CONCLUSION

Because plaintiff has failed to exhaust available administrative remedies for tribal recognition, this Court lacks subject matter jurisdiction over plaintiff's claims and defendants' motion to dismiss as to DOI pursuant to Fed.R.Civ.P. 12(b)(1) will be granted. Defendants' unopposed motion to dismiss as to the Secretary and McDivitt under Fed.R.Civ.P. 4(m) will also be granted because plaintiff has failed to file any proof of service upon those defendants. A final order consistent with this memorandum opinion will be issued.

udice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."